# ORIGINAL

FILED
CLERK, U.S. DISTRICT COURT

**APR 11 2005**

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

X Priority
X Send
___ Clsd
X Enter
___ JS-5/JS-6
___ JS-2/JS-3

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARLA ELWOOD, | CV 01-8582 LGB (FMOx) |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO STAY ENFORCEMENT OF ATTORNEYS' FEES ORDER; DENYING INJUNCTION; DENYING QUASH OF LEVIES; DENYING ATTORNEYS' FEES** |
| JOSEPH MORIN, et al., | |
| Defendants. | |

ENTER

APR 12 2005

BY _____ 012

## I.   INTRODUCTION

Plaintiff/judgment debtor Darla Elwood seeks to stay enforcement of the Court's award of attorneys' fees to defendant/judgment creditor Joseph Morin.  Elwood also seeks to quash certain levies and requests attorneys' fees and costs for alleged misconduct.

1

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   Elwood's Lawsuits

In 2001 Darla Elwood filed suit against defendant Joseph Morin and others. (<u>Elwood, et al. v. Morin, et al.</u>, Case No. CV 01-8582 LGB (FMOx).)   The suit arose out of prior proceedings in Juvenile Court which resulted in Elwood losing custody of her children.   Morin was one of the fathers of Elwood's children.   Elwood filed a separate lawsuit against Morin's attorney, Robert Drescher, in 2002.   (<u>Elwood, et al. v. Drescher, et al.</u>, Case No. CV 02-4656 LGB (FMOx).)

The Court dismissed both lawsuits.   After the dismissals were affirmed on appeal, both Morin and Drescher moved for attorneys' fees pursuant to 42 U.S.C. §1988(b).   Under that provision the prevailing defendant in a civil rights case can recover attorneys' fees "only where the action brought is found to be unreasonable, frivolous, meritless or vexatious." <u>Patton v. County of Kings</u>, 857 F.2d 1379, 1381 (9th Cir. 1988).   On March 23, 2004, the Court found that Elwood's civil rights claims against Morin were "groundless and vexatious" because she lacked evidence or legal authority in support of those claims.   (Order Taking Motions for Attorney's Fees Under Submission at 6:18-7:6.)   The Court later awarded $14,500 in attorneys' fees to Morin.

On March 23, 2004, the Court found that Elwood's claims against Drescher were also "unreasonable, frivolous, and meritless."   (Order Granting the State Defendants' Motion for Attorney's Fees; Hutchinson's Motion for Attorney's Fees; Drescher's Motion for Attorney's Fees at 14:18-21.)   The Court

1   awarded Drescher $7,875 in attorneys' fees.

2       Elwood appealed the attorneys' fees order in <u>Morin</u> in

3   April 2004.  <u>See</u> Docket Nos. 134, 141.  Elwood appealed the

4   attorneys' fees order in <u>Drescher</u> on March 31, 2004.  <u>See</u>

5   Docket No. 96.  She never sought a stay of the Court, and she

6   never filed a supersedeas bond.

7

8   B.   Enforcement Proceedings

9       In 2004 Drescher and Morin, seeking to enforce their

10  respective judgments, applied for and were granted Writs of

11  Execution by the Clerk of the Court.  Drescher and Morin used

12  their Writs of Execution to levy certain property in which

13  Elwood has an interest.  Drescher levied against any payments

14  which may be owed to Elwood by Rodney Delaplane, Elwood's

15  former husband.  Morin levied on a house which Elwood shares

16  with her current husband, James Delaplane, that is located at

17  26608 Gavilan Drive, Santa Clarita, California ("Santa Clarita

18  home").

19      In response to the levies, Elwood filed Claims of

20  Exemption with the U.S. Marshal's Office.  Drescher and Morin

21  each filed a separate Opposition to Claim of Exemption with

22  the U.S. Marshal's Office.  After extensive briefing by both

23  sides and two court hearings, the Court denied Elwood's Claims

24  of Exemption on February 23, 2005.

25      After the Court denied the Claims of Exemption, James

26  Delaplane took out two deeds of trust on the Santa Clarita

27  home.  (Morin Opposition, Ex. C at 6.)  The deeds secure

28  $315,000 and $58,600 in debt, respectively.  <u>Id.</u>

3

C.   The Instant Motion

On  March  8,  2005,  Elwood  and  others  (collectively "Elwood")  filed  the  instant  motions  in  both  <u>Morin</u>  and <u>Drescher</u>.[1]  The motions seek: (1) a stay of the enforcement of the attorneys' fees orders or, alternatively, an injunction against any effort to enforce the orders; (2) quashing of any outstanding enforcement writs and levies; and (3) attorneys' fees  and  costs  against  Morin  and  Drescher  for  "causing excessive litigation and for abuse of judicial processes."

Morin   and   Drescher   filed   separate   but   identical Oppositions on March 24, 2005.  Elwood filed identical Replies on April 1, 2005.

On March 21, 2005, Morin filed a Verified Application for Issuance of Order to Show Cause Re: Sale of Dwelling House ("Application").   The Application, which is not the focus of this order, seeks to force the sale of the Santa Clarita home.

## III. ANALYSIS

A.   <u>Stay of Enforcement of the Attorneys' Fees Orders</u>

Elwood claims that enforcement of the Court's attorneys' fees  orders  is  automatically  stayed  under  California  law. (Motion at 37:3-8.)  Elwood is incorrect.  When a court orders attorneys'  fees  as  a  sanction  for  a  plaintiff's  frivolous claim,  as  is  the  case  here,  the  plaintiff's  appeal  does  not automatically stay enforcement of the order.  <u>Banks v. Manos</u>,

---

[1]With the exception of the Notices of Motion, Elwood's filings in support of the two motions are virtually identical.

1    232 Cal.App.3d 123, 129 (Cal. Ct. App. 1991) (applying

2    California Code of Civil Procedure § 917.1).

3      Elwood also argues that enforcement should be stayed

4    because the Court's orders resulted in an "automatic lien" on

5    her property. Elwood cites Federal Rule of Civil Procedure

6    62(f), which entitles a judgment debtor to "such stay as would

7    be accorded the judgment debtor had the action been maintained

8    in the courts of that state." Rule 62(f) applies only in

9    states in which "a judgment is a lien upon the property of the

10   judgment debtor."

11      The Court finds that Rule 62(f) does not apply here

12   because in California a judgment is not a lien on real

13   property. Under California law a judgment does not become a

14   lien on real property until the judgment creditor records the

15   judgment in the recorder's office of the county in which the

16   real property to be attached is located. Cal. Civ. Proc. Code

17   § 697.310(a). This Court agrees with the holding in <u>Aldasoro</u>

18   <u>v. Kennerson</u>, 915 F.Supp. 188, 190 (S.D. Cal. 1995) that the

19   requirement of a filing means that a judgment obtained in

20   California is not "a lien upon the property of the judgment

21   debtor" which would be subject to Rule 62(f).

22      In the absence of a right to a stay under the federal

23   rules, Elwood's request for a stay without bond is subject to

24   this Court's discretion. <u>See</u> Fed.R.Civ.P. 62(c).[2] Given her

25

_____

26       [2]Morin and Drescher argue that the Court cannot grant a
stay when the levy has already been executed. (Morin

27   Opposition at 2:10-3:7.) They cite <u>Del Riccio v. Superior</u>
<u>Court</u>, 115 Cal.App.2d 29, 31 (Cal. Ct. App. 1952), which

28   held that "[w]hen the writ has been regularly issued and

1  long delay in seeking stay - Elwood was given notice of these

2  enforcement proceedings on October 28, 2004 (see Morin Docket

3  No. 162; Drescher Docket No. 109) - and the advanced stages of

4  the enforcement proceedings, the Court sees no reason to grant

5  a stay here.[3]   The Court **DENIES** Elwood's motion to stay

6  enforcement proceedings.

7      Alternatively, Elwood seeks an injunction against further

8  enforcement proceedings by the defendants.  (Notice of Motion

9  at 2:2:14-16.)   Because Elwood cites no case authority in

10 support of her motion for an injunction, and for the other

11 reasons described above, the Court **DENIES** this motion.

12

13 B.   Quashing of Outstanding Writs and Levies

14      Elwood points to three alleged defects in Morin's levy on

15 the Santa Clarita home: 1) the fact that James Delaplane's

16 name is not on the levy; 2) the failure to serve James

17 Delaplane with the levy; and 3) the five-month delay in

18 applying for sale of the property.  (Memorandum of Points and

19 Authorities in Support of Motion ("Motion") at 28:21-29:16.)

20 _____

21 executed, money collected, while in the hands of the
   officer, is property of the judgment creditors and not the
22 debtor."  This case is inapplicable because there is no
   proof that money has been collected under any of Morin or
23 Drescher's levies.

24

25 [3]The Court notes that James Delaplane's ability in
   March 2005 to take out two deeds of trust on the Santa
26 Clarita home, securing total debt of over $370,000 (Morin
   Opposition, Ex. C at 6.), strongly suggests that he and his
27 wife would have been capable of providing a supersedeas bond
   in April 2004 when Elwood appealed the attorneys' fees order
28 in Morin.

1   Elwood argues that these defects render the levy void. _Id._ at

2   30:7-10.

3

4      1.   Failure to List James Delaplane; Failure to Serve

5           Delaplane

6      California Code of Civil Procedure Section 700.015 (a)

7   requires that a notice of levy identify the owner of the real

8   property that is being levied upon "[i]f the judgment debtor's

9   interest in the real property stands upon the records of the

10  county  in  the  name  of  a  person  other  than  the  judgment

11  debtor."   This identification allows the county recorder to

12  "index the copy of the writ and notice of levy in the names of

13  both the judgment debtor and the third person."   Cal. Civ.

14  Pro. Code § 700.015(a) (1987).   Section 700.015(b) requires

15  that the levying officer serve a copy of the writ and a notice

16  of levy to the third person.

17      In the instant case Morin's Notice of Levy on the Santa

18  Clarita home listed Darla Elwood, the judgment debtor, but did

19  not list James Delaplane, the owner of record.   (Motion, Ex.

20  9 at 1.)   Elwood argues that this defect renders the levy

21  void.   (Motion at 28:21-25.)

22      This  Court  disagrees.    The  purpose  of  the  Section

23  700.015(a) is to allow the county recorder to "index the copy

24  of  the  writ  and  notice  of  levy  in  the  names  of  both  the

25  judgment debtor and the third person."  Cal. Civ. Pro. Code §

26  700.015(a).   The fact that James Delaplane was not listed on

27  the notice of levy may mean that the writ and notice of levy

28  have not been filed under James Delaplane's name, but there is

7

1    no evidence that it has affected James Delaplane's rights in
2    any way.    The levy still appears on the county recorder's
3    records of the Santa Clarita home. <u>See</u> Morin Opposition, Ex.
4    C at 6 (title search showing that the Morin levy was recorded
5    on October 15, 2004); Motion, Ex. 9 at 2 (showing the
6    recording of the Notice of Levy on October 15, 2004). Elwood
7    cites no legal authority, and this Court could find none, for
8    the proposition that failure to include James Delaplane's name
9    in the Notice of Levy is proper grounds for quashing the levy.
10        The Court also finds that the levy is valid even if James
11   Delaplane was not personally served with the Notice of Levy.[4]
12   California Code of Civil Procedure Section 699.550 provides
13   that:

14            In any case where property has been levied upon and,
15            pursuant to a levy, a copy of the writ of execution
16            and a notice of levy are required by statute to be
17            posted or to be served on or mailed to the judgment
18            debtor or other person, failure to post, serve, or
19            mail the copy of the writ and the notice does not
20            affect the execution lien created by the levy.
21        Cal. Civ. Pro. Code § 699.550.
22        Section 699.550 is "intended to preserve the validity of
23   a levy in a case where additional postings, service, or
24   mailings have been omitted." Comment, Cal. Civ. Pro. Code §
25
26
27   _____
28        [4]Morin has not submitted proof that James Delaplane was
     personally served with the Notice of Levy.

8

699.550.[5]    Under    Section    699.550,    the    fact    that    Elwood
received personal service via mail (Motion, Ex. 9 at 2), and
that  James  Delaplane  received  constructive  notice  of  the
notice of levy (James Delaplane Decl. ¶ 2), is sufficient to
validate the levy for our purposes here.[6]  The Court therefore
**DENIES** Elwood's Motion to Quash the Morin levy on the Santa
Clarita home.

   2.   Delay in Filing for Sale of the Santa Clarita Home
   Elwood claims that the Morin levy is void because Morin
waited too long to apply to the Court for sale of the Santa
Clarita home.  (Motion at 30:7-10.)  California Code of Civil
Procedure Section 704.750(a) requires that a judgment creditor
apply for the sale of real property within 20 days after the
levying officer serves "notice on the judgment creditor that
the levy has been made and that the property will be released
unless the judgment creditor complies with the requirements of

_____

   [5]The Comment to Section 699.550 lists examples of the
effect of Section 699.550.  The Comment states "[t]he levy
is effective to create a lien even though no notice is given
to the judgment debtor" but that "the rights of the obligor
are not affected until the obligor has reason to know of the
levy." Comment, Cal. Civ. Pro. Code § 699.550.  If failure
to provide notice to the *judgment debtor* does not invalidate
a notice of levy under Section 699.550, failure to provide
notice to a *third party* certainly does not invalidate the
levy.

   [6]Elwood failed to address this code section in her
Motion even though the Court relied on Section 699.550 when
it denied Elwood's Claims of Exemption.  See Elwood v.
Morin, CV 01-8582, February 23, 2005, Order Denying
Plaintiff's Claim of Exemption at 7:12-15.

1  this section." Cal. Civ. Pro. Code § 704.750(a). "If the
2  judgment creditor does not file the copy of the application
3  for an order for sale of the dwelling within the allowed time,
4  the levying officer shall release the dwelling." <u>Id.</u>

5      Morin's Notice of Levy listed the "United States Marshal"
6  as the "levying officer." (Motion, Ex. 9 at 2.)   Elwood
7  admits that the U.S. Marshal did not provide Morin with a
8  Section 704.750(a) notice until early March 2005. <u>Id.</u> at
9  30:3-5.[7]  Morin filed his request for the sale of the Santa
10 Clarita home on March 21, 2005.[8]

11     On these facts the Court finds that Morin has complied
12 with the requirements of Section 704.750(a).

13

14     2.  <u>Other Objections to Enforcement of the Levy</u>

15     Elwood presents a series of other objections to
16 enforcement of the levy, including the need for a hearing to
17 determine Elwood's interests in the Santa Clarita home (Motion
18 at 30:11-24) and James Delaplane's alleged homestead exemption
19 (<u>id.</u> at 31:13-19).  These objections are properly presented in
20 the context of a hearing on Morin's pending application for
21 sale of the Santa Clarita home.   Elwood presents no legal

22  _____

23     [7]Elwood argues that the U.S. Marshal has signed an
   agreement with the courts which provides that the judgment
24 creditor's process server is the "levying officer" for
   purposes of Section 704.750(a).  (Motion at 29:18-25.)   Even
25 if this is the case - and Elwood has presented no admissible
   evidence that it is - that agreement does not bind Morin.
26

27     [8]Morin's request is the subject of a separate motion
   entitled Verified Application for Issuance of Order to Show
28 Cause Re: Sale of Dwelling House.

1  authority, and this Court could find none, which requires that

2  these issues be resolved prior to such a hearing.

3       Having considered and rejected Elwood's objections to the

4  Morin levy, the Court **DENIES** Elwood's Motion to Quash the

5  Morin levy on the Santa Clarita home.

6

7  C.   Attorneys' Fees and Costs

8       Elwood seeks attorneys' fees for, among other things,

9  Morin and Drescher's refusal to voluntarily stay enforcement

10 of the judgment debts. (Motion at 33:2-3.)  After considering

11 Elwood's argument, the Court **DENIES** Elwood's motion for

12 attorneys' fees and costs.

13      However, the Court notes that Elwood, through her counsel

14 Patricia Barry, presents several personal attacks in her

15 filings.  Although the Court would not sanction an attorney

16 for a poorly written and unorganized brief, the Court must

17 consider sanctions when that attorney makes personal attacks

18 on a party to the litigation.  The Court is particularly

19 concerned about Elwood's claim that Morin engaged in a

20 "vicious attack on an innocent man." (Motion at 34:12-15.)

21 In support of this accusation Elwood cites excerpts of

22 testimony which her attorney, Patricia Barry, elicited from a

23 witness at trial in a completely separate case.  Id., Ex. 8

24 (listing "Patricia Barry" as the attorney questioning the

25 witness).  Elwood, through her attorney Barry, opines that

26 "One wonders how many other attacks he [Morin] has made

27 against individuals who did not reports [sic] the crimes."

28 Id. at 34:14-15.

1    This material has no relevance to these proceedings.  By
2  its own terms it is intended to prejudice the Court.   The
3  Court warns Elwood and Barry against making such statements in
4  the future.

5

6  **V.    CONCLUSION**

7    For the reasons explained above the Court:

8  •  **DENIES** Elwood's Motion for a Stay or Injunction;

9  •  **DENIES** Elwood's Motion to Quash the Morin Levy; and

10 •  **DENIES** Elwood's Motion for Attorneys' Fees.

11

12

13  **IT IS SO ORDERED.**

14

15  DATE: *April 8, 2005*

16                          LOURDES G. BAIRD
17                          United States District Judge

18

19

20

21

22

23

24

25

26

27

28